UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MELISSA NORDHAUS,

                Plaintiff,

  and

REICHENBACH RESTAURANT GROUP,
REICHENBACH HOLDINGS CORP.,
MANHATTAN FOOD & BEV LTD.
d/b/a REICHENBACH HALL,
WILLY EVAN REICHENBACH,
KEITH REICHENBACH,
ANA BAJON A/K/A REICHENBACH,
STEVEN FERINA, ANTHONY ANO FERINA,
STEPHEN WIRTH and DORIAN NEASCU,

                Defendants.
-----------------------------------------------------------------x

No.   15 Civ. 6689 (JPO)

## FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SERVICE AWARD TO NAMED PLAINTIFF, AND AWARD OF CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

The above-entitled matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, Service Award to Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs ("Motion for Final Approval").

Plaintiff filed the present Class Action Complaint in the United States District Court for the Southern District of New Yor on August 26, 2015. The Complaint alleged that Defendants violated the New York Labor Law ("NYLL") and its supporting New York State Department of Labor Regulations ("NYCRR") during the Class Period because Defendants allegedly failed to pay employees a proper minimum wage, overtime wages, uniform expenses and spread of hours premium. A Joint Settlement Agreement and Release ("Settlement Agreement") was executed by all parties to resolve this matter for $30,000. On September 14, 2023, Plaintiff filed a proposed

1

Order for Preliminary Approval of the Settlement Agreement, Certification of the Class for Settlement Purposes, Appointment of Plaintiff as Class Representative, Appointment of the Law Firm of Caruso Glynn, LLC as Class Counsel, Approval of the Class Notice, and Scheduling a Fairness Hearing, with an accompanying Memorandum of Law and supporting exhibits. On October 17, 2023, the Court granted preliminary approval of the Settlement Agreement, certified the Settlement Class, appointed Plaintiff as Class Representative, appointed Caruso Glynn, LLC as Class Counsel, approved the Class Notice, and scheduled a date for the Fairness Hearing.

On December 15, 2023, the Claims Administrator mailed the Class Notice to all Class Members. Subsequently, Plaintiff filed a Motion for Final Approval of Class Action Settlement, Service Award to Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs. Defendants do not oppose this motion.

The Court held a Fairness Hearing on April 8, 2024.  Class Counsel received zero objections and five (5) opt-outs.

Having considered the Motion for Final Approval of the Class Action Settlement, Service Award to Named Plaintiff, and Award of Class Counsel's Attorneys' Fees and Costs, and the supporting Declaration of Lawrence C. Glynn, Esq., the oral argument presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth at the Fairness Hearing, and for good cause shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**Certification of The Settlement Class**

1. The Court certifies the following class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only ("Settlement Class"):

> Named Plaintiff and all non-exempt employees, including

bartenders, servers, bussers, runners, hosts, hostesses, line cooks, head servers, or porters, who worked for Defendants in the State of New York during the Class Period (March 1, 2013 through October 17, 2024) who did not opt-out of the Action

**Approval of the Settlement Agreement**

2. The Court hereby grants the Motion for Final Approval of the Class Action Settlement, Service Award to Named Plaintiff, and Award of Class Counsel Attorneys' Fees and Costs and finally approves the settlement as set forth in the Settlement Agreement of $30,000.00.

3. The Court finds the proposed settlement to be fair, adequate, reasonable, and in the best interests of the class members.

4. The claims in this case are for an alleged failure to pay employees a proper minimum wage, overtime wages, uniform expenses and spread of hours premium. The Court finds that these claims are appropriate for class adjudication. In reaching the settlement, Class Counsel took into account the risks of establishing liability, and also considered the time, delay, and financial repercussions in the event of trial and appeal by Defendants. The settlement negotiations were at all times hard fought and arm's length, between parties represented by counsel experienced in wage and hour law, and they have produced a result that Class Counsel believes to be in the best interests of the Class in light of the costs and risks of continued litigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2nd Cir. 2005) (internal quotation omitted). Additionally, Defendants have and will continue to vigorously contest Plaintiff's claims if this action does not settle. In light of the strength and weakness of the case, the settlement falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Settlement Class Members in the face of significant obstacles. While there is a possibility that the Class could recover more money, including interest, after trial, the Settlement provides the significant benefit

of a guaranteed and substantial payout to Settlement Class Members, rather than "speculative payment of hypothetically larger amount years down the road." *Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596, at *5 (S.D.N.Y. 2008) (quoting *Teachers' Ret. Sys. Of Louisiana v. A.C.L.N. Ltd.*, 2004 WL 108726, at *5 (S.D.N.Y. 2004)).

**Service Award to the Class Representatives**

5. The Court finds reasonable the service award of $1,500 to class representative, Melissa Nordhaus, given the contributions she made to advance the prosecution and resolution of the lawsuit. This award shall be paid from the settlement fund.

6. Service awards "are particularly appropriate in the employment context... [where] the plaintiff is often a former or current employee of the defendant, and thus... he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by employer or co-workers." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

7. Plaintiff expended considerable time and effort to assist Class Counsel with the case. As such, his actions exemplify the very reason service fees are awarded. *See id.* (recognizing the important role that plaintiffs play as the "primary source of information concerning the claim," including by responding to counsel's questions and reviewing documents).

8. Plaintiff also assumed risks in prosecuting this action. Even where there is not a record of actual retaliation, service fees are appropriate in recognition of the risk of retaliation assumed by lead plaintiff for the benefit of absent class members. *Id.* at 187–188 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

9. The service award totaling $1,500 for Plaintiff is reasonable for the services

Plaintiff provided, and is within the range awarded by courts in similar matters. *See Capsolas v. Pasta Resources Inc.*, 2012 WL 4760910, at *9 (S.D.N.Y. 2012) (approving service awards of $20,000 and $10,000 for class representatives in wage and hour action).

**Award of Fees and Costs to Class Counsel**

10. On October 17, 2024, the Court appointed Caruso Glynn, LLC as Class Counsel because they did substantial work identifying, investigating, litigating, and settling Plaintiff's and the Settlement Class Members' claims, have experience prosecuting and settling wage and hour actions, and are well-versed in wage and hour law and in class action law.

11. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the best interests of the class. Class counsel has committed substantial resources to prosecuting this case.

12. The Court hereby grants Class Counsel's request for attorneys' fees of $10,000.00, which is 33.33% of the settlement fund, and $5,000.00 for costs actually expended by Class Counsel, to be paid from the settlement fund, for a total of $15,000.00.

13. The Court finds the requested attorneys' fees to be fair and reasonable under the circumstances of this case.

14. A court may calculate reasonable attorneys' fees by either the lodestar method (multiplying the hours reasonably billed by an reasonable hourly rate) or based on a percentage of the recovery.

15. Public policy sometimes favors a common fund attorneys' fees award in wage and hour class actions. *See Johnson v. Brennan*, 2011 WL 4357376, 19 (S.D.N.Y. 2011) ("If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."); *see also Sand v. Greenberg*, 2010 WL 69359, 3 (S.D.N.Y 2010) ("But for the separate

provision of legal fees, many violations of the Fair Labor Standards Act would be continue unabated and uncorrected.").

16. "Common fund recoveries are contingent on a successful litigation outcome." *Guaman v. Anja-Bar NYC*, 2013 WL 445896, 7 (S.D.N.Y. 2013). Such "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining to representation... and transfer a significant portion of the risk of loss to the attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *deMunecas v. Bold Food LLC*, 2010 WL 3322580, 8 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). Many individual litigants, "cannot afford to retain counsel at fixed hourly rates... yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id*. (citation omitted).

17. The Court has considered factors such as the risks of the litigation, the magnitude and complexity of the litigation, responsibility undertaken, the amount recovered, the knowledge the court has of the case's history and the work done by counsel prior to trial, and what it would be reasonable for counsel to charge a victorious plaintiff. These factors weigh in favor of approving the requested fee.

18. Applying the lodestar method as a comparison, the Court finds that the fee Class Counsel is seeking is reasonable, as Class Counsel's request for one-third of the settlement fund is consistent with that awarded in these types of cases. The fee requested is also reasonable based on the fact that Class Counsel did substantial work on a fully contingent basis. *See, e.g., In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *27 (S.D.N.Y. 2002) (a "multiple of 2.09 is on the lower end of the range of multipliers awarded by courts"); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (awarding multiplier of 3.97 times lodestar); *Rabin v.*

*Concord Assets Group, Inc.*, 1991 WL 275757, at *2 (S.D.N.Y. 1991) (awarding multiplier of 4.4); *In re RJR Nabisco, Inc. Sec. Litig.*, 1992 WL 210138 (S.D.N.Y. 1992) (awarding multiplier of 6). Here, Class Counsel seeks an amount consistent with what is reasonable in light of other awards granted by courts.

19.  The fact that Class Counsel's fee award will not only compensate them for time and effort expended on the case, but for time required in administering the settlement also supports their fee request.

20.  The attorneys' fees, costs, and expenses shall be paid from the settlement fund.

**Settlement Procedure**

21.  Within twenty-one (21) days of the Effective Date, the Settlement Claims Administrator shall pay Class Counsel attorneys' fees and costs of $15,000.00 from the Settlement Fund.

22.  Within twenty-one (21) days of the Effective Date, the Settlement Claims Administrator shall pay the service award of $1,500 to Named Plaintiff Melissa Nordhaus.

23.  Within twenty-one (21) days of the Effective Date, the Settlement Claims Administrator shall pay the claims administration fees of $11,553.55.

24.  Within twenty-one (21) days of the Effective Date, the Settlement Claims Administrator shall pay the remainder of the Settlement Fund (after subtracting the attorneys' fees and expenses, claims administration fees, employer-taxes, and service award) to Class Members in accordance with the allocation plan described in the Settlement Agreement.

25.  The "Effective Date" means the date that all of the following have occurred:

(A) the Court has entered the Final Approval Order, including stated provisions for the award of service payments, and for attorneys' fees and reasonable costs, and

(B) the judgment and the rulings on such motion have become Final. **"Final"** means the later of:

(1) The governing time periods for seeking rehearing, reconsideration, appellate review and/or an extension of time for seeking appellate review have expired and there have been no such actions; or

(2) If rehearing, reconsideration, appellate review, and/or an extension of time for seeking appellate review is sought, thirty (30) days after any and all avenues of rehearing, reconsideration, appellate review and/or extension of time have been exhausted and no further rehearing, reconsideration, appellate review, and/or extension of time is permitted, and the time for seeking such things has expired, and the judgment has not been modified, amended, or reversed in any way. .

26. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

27. This litigation shall be dismissed in its entirety with prejudice and all members of the Settlement Class who have not excluded themselves from the settlement shall be conclusively deemed to have released and discharged Defendants from, and shall be permanently enjoined from, directly or indirectly, pursuing and/or seeking to reopen, any and all claims that have been released pursuant to this settlement.

Upon entry of this final approval and judgment, the Clerk of Court is directed to mark this case as closed.

**SO ORDERED:**
**April 8, 2024**

_____
J. PAUL OETKEN
United States District Judge